UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADEDJI ADENIRAN,

    Plaintiff,

v.                                    Case No.  4:22-cv-47-WS-MJF

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, filed a "motion to add initial motion & exhibits." Doc. 7. In this motion, Plaintiff seeks summary judgment on his claims. *See* Doc. 7 at 1. For the reasons set forth below, the undersigned recommends the District Court deny the motion without prejudice because it is premature.

    The District Court cannot grant summary judgment without first providing Defendant notice of this suit, notice of Plaintiff's motion, and an opportunity to respond to Plaintiff's motion. Defendant has not yet been served with the complaint and has not even been afforded an opportunity to file an answer to the complaint. Neither of these things can happen until Plaintiff pays the filing fee. After Plaintiff pays the filing fee, the undersigned will perform a preliminary review of Plaintiff's civil right complaint under 28 U.S.C. § 1915A. *See generally* N.D. Fla. Loc. R. 4.1 ("A party who is not represented by an attorney and who has moved . . . for leave to

proceed *in forma pauperis* must not serve process . . . until the Court enters an order authorizing it.").

Further, because Defendant has not yet been served with Plaintiff's complaint, the Defendant necessarily has not yet had an opportunity to commence the discovery process. "[T]he law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1288 (S.D. Fla. 2005) (quoting *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997); *accord Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)). Summary judgment would be improper without first affording Defendant an opportunity to participate in the discovery process.

Finally, the motion does not comply with the Local Rules of the United States District Court for the Northern District of Florida. Under Rule 56.1 of the Local Rules, "a party who moves for summary judgment must file at the time a memorandum [in support]. The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief." Plaintiff failed to attach a memorandum that complies with the Local Rules. This is another reason to deny the motion for summary judgment.

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** without prejudice Plaintiff's "motion to add initial motion & exhibits," Doc. 7.

2. Recommit this case to the undersigned.

At Pensacola, Florida, this <u>19th</u> day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** See **N.D. Fla. Loc. R. 72.2;** see also **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** See **11th Cir. R. 3-1; 28 U.S.C. § 636.**