UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADEDEJI ADENIRAN,

    Plaintiff,

v.                                        Case No. 4:22-cv-47-WS-MJF

STEVEN KUNZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Adedeji Adeniran's third amended complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the BOP and currently is housed at FCI Miami. His inmate number is "26639-017." Plaintiff names only one Defendant: former Assistant United States Attorney Steven Kunz. A grand jury indicted Plaintiff on or about May 3, 2005. Doc. 1 at 5. Plaintiff asserts that on July 14, 2005, Kunz allowed law enforcement officers to conduct a warrantless search of Plaintiff's property. *Id.* Additionally, Plaintiff alleges that in July 2005—after Plaintiff was indicted and left the country—Kunz requested that Plaintiff be extradited. Plaintiff

asserts that Kunz made false statements in support of the request to extradite Plaintiff. *Id.* at 6. Plaintiff also alleges that Kunz seized Plaintiff's assets and bank accounts during the criminal proceeding against Plaintiff.

## II. Discussion

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or

manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.    Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 20 at 20–24. The complaint form expressly warns: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.* at 20. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issues involved in this case?

>C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 21–22. The complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose <u>each</u> case. *Id.*

In response to Question B, Plaintiff responded, "No," and did not disclose any cases. *Id.* In response to Questions A and C, Plaintiff responded, "Yes," and disclosed two federal cases:

- *Adeniran v. Walker*, No. 1:21-cv-5104-ELR-RDC (N.D. Ga. Feb 28, 2022); and

- *USA v. Adeniran*, No. 4:22-cv-237-RH-HTC (N.D. Fla. Aug. 3, 2022).

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under the penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 20 at 24–25. Thus, at the time Plaintiff signed his third amended complaint, he asserted that he had only filed two federal civil actions.

## C.   <u>Plaintiff's Omission</u>

The undersigned takes judicial notice that when Plaintiff filed his third amended complaint, he failed to disclose that he recently had filed a habeas petition pursuant to 28 U.S.C. § 2241: *Adeniran v. Warden, Miami FCI*, Case No. 1:22-cv-

23636-WPD, (S.D. Fla. Nov. 4, 2022).[1] This case is attributable to Plaintiff insofar as it bears his inmate number "26639-017."

Because he failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

D.     **Materiality of Plaintiff's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases, including habeas petitions. Doc. 20 at 20. The complaint form expressly warns prisoners: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.* Additionally, the undersigned advised Plaintiff that he should ensure he answer each question on the complaint form completely and honestly. Doc. 19 at 9.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Plaintiff was aware of his obligation to disclose cases that were filed between the time he commenced this lawsuit and his amended complaint insofar as he disclosed: *USA v. Adeniran*, Case No. 4:22-cv-237-RH-HTC. Doc. 20 at 22. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process; prisoner's

amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint).

To the extent he could not remember fully his litigation history or was unsure whether to disclose the case, Plaintiff could have indicated that on the complaint form. He did not. Rather, he affirmatively represented that he had filed only two prior federal lawsuits before submitting his third amended complaint. Additionally, a claim that Plaintiff could not remember his prior case would strain credulity. The most recent activity in the undisclosed case occurred *only two months* prior to Plaintiff submitting his third amended complaint. Further, Plaintiff was aware that he should maintain in his property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. *See* Doc. 3. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995).

E. **The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process

in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

In addition, district courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson*

*v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). For a *Bivens* action brought in Florida, the statute of limitations is four years. *Topping v. United States Dep't of Educ.*, 510 F. App'x 816, 818–19 (11th Cir. 2013); *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Here, Plaintiff asserts that some of Kunz's alleged misconduct occurred in 2020 and 2021 respectively. Doc. 20 at 9 ¶¶ 5-6. Further, it is unclear when Plaintiff became aware of the *lis pendens* on his property or the purportedly illegal search and seizure. It would appear that Plaintiff learned of these acts sometime during his criminal prosecution.[2] The statute of limitations therefore likely would not bar Plaintiff from re-filing his claims in the near future.[3]

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

---

[2] On November 4, 2019, Magistrate Judge Gary R. Jones conducted Plaintiff's initial appearance. Thus, from the complaint, it appears that Plaintiff learned of Kunz's alleged misconduct in November 2019.

[3] Regardless, all of Plaintiff's claims are predicated on actions taken by Kunz while he was acting as the Assistant United States Attorney prosecuting Plaintiff's criminal case, after the grand jury returned an indictment against Plaintiff and Plaintiff left the country. Because Kunz is entitled to absolute prosecutorial immunity, Plaintiff's claims are subject to dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 567 (7th Cir. 2022); *Annappareddy v. Pascale*, 996 F.3d 120, 139–41 (4th Cir. 2021).

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 21st day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**